695 P.2d 732

**STATE of Arizona, Respondent,**

v.

**Jose Antonio VALENZUELA,
Petitioner.**

**No. 6282–PR.**

Supreme Court of Arizona,
En Banc.

Jan. 31, 1985.

Robert J. Sweeney, Tucson, for petitioner.

Jose Antonio Valenzuela, petitioner, pro se.

Robert K. Corbin, Atty. Gen. by Jay R. Adkins, Tucson, for respondent.

FELDMAN, Justice.

The state petitions us to review a decision of the court of appeals ordering the State Department of Corrections (DOC) to release Jose Antonio Valenzuela (respondent) from custody. The case arose from the trial court's denial of Valenzuela's petition for post-conviction relief under Rule 32, Ariz.R.Crim.P., 17 A.R.S. Valenzuela petitioned the court of appeals for review pursuant to Rule 32.9(c), *id.* The petition for review was granted by the court of appeals, which, without briefing or argument, ordered petitioner's release from custody because DOC had "improperly forfeited" 240 days of "good time credit" earned by respondent and was continuing to hold respondent even though he had served his complete sentence. After the state's motion for reconsideration was denied by the court of appeals, the state filed a petition for review by this court. We now grant review because the legal issue presented is one of statewide importance, affecting all prisoners convicted of crimes committed prior to October 1, 1978. Rule 32.9(e), *id.*

Valenzuela has already been released; therefore, the issues raised are moot as to him. We have discretion to decide issues which have become moot and will use that discretion where the issues are important, where they affect the public interest, and where the problem is "capable of repetition, yet evading review." *KPNX*

*Broadcasting v. Superior Court,* 139 Ariz. 246, 250, 678 P.2d 431, 435 (1984). Those predicates are fulfilled by this case and we therefore proceed to the issues.

## FACTS

Valenzuela was convicted of assault with a deadly weapon (A.R.S. § 13–1204(A)(2)) and was sentenced to the custody of DOC. He was incarcerated in May of 1978. Under the original sentence, a mandatory release date of June 18, 1983 was established. At the time Valenzuela committed the crime and was sentenced and incarcerated, the criminal code of 1956 was in effect. That code was repealed effective October 1, 1978, and was replaced by a new, revised code, effective the same date. Thus, Valenzuela was one of the "old code" inmates incarcerated in the custody of DOC. "New code" inmates are those whose crimes were committed after October 1, 1978. The construction of statutes and punishment of offenders for offenses committed on and after October 1, 1978 is governed by the new code, while construction and punishment of offenses committed prior to October 1, 1978 is governed by the old code. 1978 Sess. Laws, ch. 164, § 31, now codified as a note following A.R.S. § 11–361.

### 1. *Credits—Old Code*

Under the old code, prisoners could earn reduction of their sentence by either of two methods. The first is known in the idiom as "copper time." A.R.S. § 31–251(A) ordered DOC to require each prisoner to perform "faithful labor each day during his term of imprisonment." Subsection B of the same statute provided as follows:

B. Every prisoner faithfully performing such labor and conforming in all respects to the rules, or if unable to work, but complying in all respects to the rules, shall be allowed, from the maximum term of his sentence, a deduction of two months in each of the first two years, four months in each of the next two years, and five months in each of the remaining years of the term.

The second type of credit provided under the old code was known as "double time" and was earned under the provisions of A.R.S. § 31–252(A). That statute provided as follows:

A. A prisoner ... while working on public highways or the prison farms as a trusty outside the prison walls and without requiring armed guards, or performing any other assignment of confidence and trust either within or without the prison walls or pursuant to rules and regulations established by the department, shall be allowed double time while so employed, and each day so employed shall be counted as two days in computing time on his or her sentence which shall be deducted, from the maximum term of such prisoner's sentence.

### 2. *Forfeitures—Old Code*

Under the old code, prisoners such as Valenzuela could forfeit their copper time or double time credits. A.R.S. § 31–251(C) provided that prisoners who committed assault, endangered the lives of other persons, or were "guilty of any flagrant disregard" of prison rules should forfeit "all deductions of time earned." Subsection D of the same statute provided as follows:

D. The forfeiture provided in subsection C shall only be imposed by the board of pardons and paroles after notice to the offender and proof of the offense, and shall not be imposed when the prisoner has violated a rule without violence or evil intent, of which the board [of pardons & paroles] shall be the sole judge.

Forfeiture of double time was provided for by A.R.S. § 31–252(B), which read as follows:

B. If the prisoner breaches the trust in any manner, the board of pardons and paroles, upon recommendation of the director of the department [of corrections], may declare the double time forfeited.

Thus, as a practical matter, copper time release credits earned by old code prisoners could be forfeited only when the inmate had committed an offense with "violence or evil intent." Double time credits could be

forfeited only when there had been a breach of trust. In either case, the decision-making body was the Board of Pardons and Paroles [Board].

### 3. *The New Code*

The system of release credits was substantially changed under the new code. A.R.S. §§ 41–1604.06 and 1604.07 control the new code system of earning and forfeiting "release credits." These statutes authorize DOC to establish a "parole eligibility classification system." The system established by DOC enables inmates to earn release credits only if the prisoner is in classification one, as established by the director. A class one inmate earns release credits according to the nature of the crime for which he was convicted. *See* A.R.S. § 41–1604.07(A)(1), (2), and (3). Inmates may remain in class one only if they are "continually willing to volunteer for or successfully participate in a work, treatment or training program." Ariz.Admin.Comp. R5–1–402(C)(1). Inmates who are not willing to volunteer or who do not successfully participate are reclassified and are ineligible for release credits. *Id.* Some inmates cannot be placed in class one because of the nature of their offenses and therefore cannot receive release credits. *Id.* R5–1–402(C)(5), (6). Under the statute, the release credits earned by new code inmates may be either one day for every two days served or one day for three days served, depending on the crime of which the inmate was convicted. A.R.S. § 41–1604.07(A).

Forfeiture under the new code is handled as follows:

> Upon reclassification of a prisoner resulting from such prisoner's failure to adhere to the rules and regulations of the department or failure to demonstrate a continual willingness to volunteer for or successfully participate in a work, educational, treatment or training program, the director may declare any and all release credits earned by the prisoner forfeited. In the discretion of the director such release credits may subsequently be restored. . . .

*Id.* § 41–1604.07(C). Thus, there is also a material difference between the new code and the old code with regard to forfeiture of earned release credits. Under the old code, copper time credits could be forfeited for assault, endangering the lives of other persons, and flagrant disregard of prison rules, if such acts occurred with violence or "evil intent." Double time credits could be forfeited only for breach of trust. Under the new code, however, forfeiture can occur for any breach of a prison rule or regulation or even for failure willingly to volunteer or participate in a prison program. Obviously, the forfeiture under the new code is accomplished more easily than under the old code.

The procedure for forfeiture also varies between the two codes. Under the old code, copper time credits could be forfeited by the Board after notice and hearing and double time credits by the Board upon recommendation of the director of DOC and, presumably, after hearing. Under the new code, forfeitures are accomplished by order of the director, and the Board is relieved of all responsibility.

### DOES THE NEW CODE GOVERN EARNING OF CREDITS?

■ The first question raised by the facts is whether the new code provisions for earning release time may be applied to old code inmates—those whose offenses occurred before the effective date of the new criminal code on October 1, 1978. The answer to that question is provided by *Weaver v. Graham*, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). *Weaver* holds that a new statutory provision which restricts the prisoner's opportunity to earn release credits makes punishment more onerous than it was at the time of the offense and is, therefore, an ex post facto law. *Id.* at 36–37, 101 S.Ct. at 968. The state agrees, therefore, that old code prisoners are entitled to earn copper time and double time in accordance with the provisions of former A.R.S. §§ 31–251 and 252.

## FORFEITURE

 Valenzuela claims that this same principle is applicable to forfeiture. He argues that the copper time and double time release credit provisions are matters of statutory right. We have so held. *Watson v. Industrial Commission,* 100 Ariz. 327, 332, 414 P.2d 144, 148 (1966); *see also State v. Mendivil,* 121 Ariz. 600, 602, 592 P.2d 1256, 1258 (1979). We have also held that any "curtailment of defendant's freedom however minimal constitutes a penalty," so that "statutes detrimentally affecting parole eligibility are unconstitutional insofar as applied to a prisoner charged with commission of a crime prior to the enactment of the statute." *State v. Mendivil,* 121 Ariz. at 602, 592 P.2d at 1258. Forfeiture of earned release credits certainly affects the length of time for which the inmate is to be incarcerated and is, therefore, a penalty. *Id.* Any change in the statute which makes that penalty more onerous would therefore violate the ex post facto provisions of article 1, § 10, clause 1 of the United States Constitution and article 2, § 25 of the Arizona Constitution. *Id.* For this reason, we think the state properly conceded at oral argument that the standards for forfeiture of release time credits earned by old code prisoners must be those contained in the provisions of subsections C and D of former A.R.S. § 31–251 and subsection B of former § 31–252. The forfeiture grounds contained in the new code provisions of A.R.S. § 41–1604.07(C) are inapplicable to old code inmates.

## ADJUDICATORY PROCEDURE

 The last issue raised by Valenzuela pertains to the procedure to be followed. Is forfeiture of release time credits for old code prisoners to be made by the Board, as required by the old code, or by the director of DOC, as provided for in the new code? Assuming that the old code standards for earning and forfeiture of reduced time credits are applied to old code prisoners, the state argues that there is no violation of the ex post facto prohibition if the procedure is changed so that the adjudication is made by a different entity. We agree. We are cited to no authority, and have found none, to uphold the proposition that inmates have any particular right or vested interest in the identity or composition of the person, body, or board which is to adjudicate questions of fact or law. *Cf. State v. Roscoe,* 145 Ariz. 212, 700 P.2d 1312 (1984). So long as the penalty to be imposed is not made more onerous and so long as due process rights are observed—an issue not raised here—the state is not constitutionally impeded from changing procedure so that the decision or adjudication as to forfeiture of credits is made by the director of the DOC rather than by the Board of Pardons and Paroles.

 The new code provision with regard to procedure is set forth *ante* at 735. Its operative portion states as follows:

> Upon reclassification of a prisoner ..., the director may declare any and all release credits earned by the prisoner forfeited. In the discretion of the director such release credits may subsequently be restored.

A.R.S. § 41–1604.07(C). Valenzuela claims that even if the ex post facto provision is inapplicable, the quoted portion of the new code cannot be applied because the legislature stated as follows:

> ... the provisions of this act do not apply to or govern the *construction of and punishment* for any offense committed prior to the effective date of this act, .... Such an offense must be *construed and punished* according to the provisions of law existing at the time of the commission thereof in the same manner as if this act had not been enacted.

1978 Sess. Laws Ch. 164, § 31 (emphasis supplied). We do not believe that § 31 is applicable to the portion of the new code which transferred adjudicatory power from the Board to the director. *See State v. Rose,* 24 Ariz.App. 25, 535 P.2d 617 (1975). Also, a change in the identity of the adjudicatory body does not involve "construction of and punishment for any offense."

**48**

We hold, therefore, that the earning and forfeiture of copper time and double time release credit for old code inmates is governed by the old code provisions. The accrual of such credits is to be computed on the basis of the standards set out in former A.R.S. §§ 31–251 and 252. The forfeiture of those credits is to be computed according to the standards and under the circumstances described in the same statutes. The adjudication with respect to any dispute as to either accrual or forfeiture may, however, be made by the director, assuming due process is accorded.

The order of the court of appeals is approved.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.