724 P.2d 1262

**Richard S. BERRY, Plaintiff-Appellant,**

v.

**STATE of Arizona; Department of Corrections; James Ricketts; Ernesto Salazar; Donald Wawraszek; B. Hull; Wendell England; and S. Frederick, Defendants-Appellees.**

**No. 1 CA–CIV 8466.**

Court of Appeals of Arizona,
Division 1, Department A.

May 22, 1986.

Review Denied Sept. 9, 1986.

---

Richard S. Berry, in pro. per.

John H. Ryley, Phoenix, for defendants-appellees.

**OPINION**

MEYERSON, Judge.

This appeal concerns the forfeiture of "double time" release credits by the Department of Corrections (DOC) pursuant to A.R.S. § 31–252.

Richard Berry was an "old code" inmate incarcerated at the Arizona State Prison. Old code inmates are those whose crimes were committed prior to October 1, 1978. As such, the criminal code of 1956 governs this appeal. Berry worked as an inmate clerk in the prison warehouse. This position entitled him to earn reduction of his sentence under the provisions of A.R.S. § 31–252(A):

> A prisoner under commitment to the department, while working on the public highways or the prison farms as a trusty outside the prison walls and without requiring armed guards, or performing any other assignment of confidence and trust either within or without the prison walls or pursuant to rules and regulations established by the department, shall be allowed double time while so employed, and each day so employed shall be counted as two days in computing time on his or her sentence which shall be deducted, from the maximum term of such prisoner's sentence.

An old code inmate's double time credits can be forfeited as follows:

> If the prisoner breaches the trust in any manner, the board of pardons and paroles, upon recommendation of the director of the department, may declare the double time forfeited.

A.R.S. § 31–252(B). The forfeiture standards contained in the new code, A.R.S. § 41–1604.07(C), are inapplicable to old code inmates. *State v. Valenzuela*, 144 Ariz. 43, 47, 695 P.2d 732, 736 (1985).

Before the workday began one morning, Berry was weighing a sealed box on the warehouse meat scale. When he refused to say what was in the box or who it belonged to, he was cited for stealing its contents. A disciplinary hearing was held. Berry was found guilty of stealing, which

is a Group IV major rule violation. A.C. R.R. R5–1–606 (App. A). As part of the penalty for the offense, DOC forfeited Berry's double time release credits pursuant to A.R.S. § 31–252(B). Berry is now on parole. The effect of the DOC determination will be to prolong the time to be spent on parole. Berry brought this action to set aside the DOC ruling. The trial court sustained the DOC administrative determination revoking his "credits."

Berry does not contest the determination that he committed a Group IV major rule violation. Berry argues, however, that double time release credits can only be forfeited if there is a breach of trust pursuant to A.R.S. § 31–252(B). Berry argues that the breach of trust must be related to the employment through which the inmate has earned the release credits. He further contends that DOC must make a specific finding to that effect.

In *State v. Valenzuela*, the supreme court held that double time credits can be forfeited only when there is a breach of trust. 144 Ariz. at 45–47, 695 P.2d at 734–736. The court did not, however, define the particular circumstances which may constitute a breach of trust. Although no Arizona case explicitly defines a breach of trust, we conclude that *Hogan v. Arizona Bd. of Pardons & Paroles*, 108 Ariz. 472, 501 P.2d 944 (1972) controls this appeal. Hogan was sent to a halfway house three months prior to completion of his sentence at the Arizona State Prison. While living at the halfway house, he was charged with armed robbery. He was subsequently taken before the Board of Pardons and Paroles. Hogan's double time release credits were forfeited. In upholding the decision of the Board, the supreme court held that the forfeiture provisions of A.R.S. § 31–252(B) were applicable. Although the court did not attempt to define "breach of trust," the robbery in question was obviously unrelated to the employment through which Hogan had earned his double time release credits. Although it appears to us that the breach of trust in subsection (B) must necessarily relate to the "assignment of ... trust" in subsection (A), *see Fox v.*

*Arizona Bd. of Pardons & Paroles,* 149 Ariz. 172, 717 P.2d 476, 479 (App.1986) (escape while on trustee furlough constitutes breach of trust), the supreme court in *Hogan* has implicitly held to the contrary.

■ Applying *Hogan* to this case, we conclude that the breach of trust required for a forfeiture pursuant to A.R.S. § 31–252(B) need not be employment related. We hold as a matter of law that stealing constitutes a breach of trust. DOC was therefore correct in declaring Berry's double time release credits to be forfeited.

The second issue concerns the fact that no finding of breach of trust was made in the disciplinary proceeding. Berry contends that this omission contravenes the supreme court's holding in *State v. Valenzuela.* DOC concedes that under *State v. Valenzuela,* it must specifically find a breach of trust before it can forfeit an inmate's double time release credits. In its reply to Berry's motion for partial summary judgment, the state requested that the matter be remanded to the Director of DOC for such a determination. The trial court agreed and remanded for that determination. The Director of DOC then wrote a letter to Berry stating that stealing constitutes a breach of trust under A.R.S. § 31–252(B). By virtue of our ruling that stealing constitutes a breach of trust, Berry's objection to the DOC procedure is now moot.

Affirmed.

GREER, P.J., and KLEINSCHMIDT, J., concur.