736 P.2d 9

**Jose A. VALENZUELA,**
**Plaintiff/Appellant,**

v.

**STATE of Arizona; Department of**
**Corrections; James Ricketts,**
**Defendants/Appellees.**

**No. 2 CA–CIV 5946.**

Court of Appeals of Arizona,
Division 2, Department A.

Jan. 15, 1987.

Review Denied April 15, 1987.

Michael E. St. George, Tempe, for plaintiff/appellant.

Robert K. Corbin, Atty. Gen. by Richard F. Albrecht, Phoenix, for defendants/appellees.

## OPINION

FERNANDEZ, Judge.

Appellant Jose A. Valenzuela filed a civil lawsuit against the State of Arizona and the Department of Corrections to recover damages for illegally prolonging his imprisonment. He appeals from the granting of summary judgment in favor of the state. We affirm.

Prior to October 1, 1978, appellant was convicted of assault with a deadly weapon and was sentenced to the Department of Corrections pursuant to the Criminal Code of 1956. *State v. Valenzuela,* 144 Ariz. 43, 695 P.2d 732 (1985). Appellant's commitment time was thus determined under the "old code." Under that code, prisoners could earn reduction of their sentence by either of two methods. The first method was known as "copper time" under the provisions of former A.R.S. § 31–251(A) which is not at issue in this case. The second method was known as "double time" and was provided under former A.R.S. § 31–252(A) which read as follows:

> A prisoner ... while working on the public highways or the prison farms as a trusty outside the prison walls and without requiring armed guards, or performing any other assignment of confidence and trust either within or without the prison walls or pursuant to rules and regulations established by the department, shall be allowed double time while so employed, and each day so employed shall be counted as two days in computing time on his or her sentence which shall be deducted, from the maximum term of such prisoner's sentence.

Forfeiture of double time was governed by former A.R.S. § 31–252(B) which read as follows:

> If the prisoner breaches the trust in any manner, the board of pardons and paroles, upon recommendation of the di-

rector of the department [of corrections], may declare the double time forfeited. Forfeiture under the old code could only be imposed by the board of pardons and paroles after proper notice and proof. See former A.R.S. § 31–251(D).

■ The system of release credits was substantially changed under the new code. A.R.S. §§ 41–1604.06 and 41–1604.07. These statutes provide for a "parole eligibility classification system" which enables inmates to earn release credits according to the nature of the crime for which they were convicted and their willingness to volunteer for or successfully participate in a work, educational, treatment or training program. Forfeiture under the new code can occur for any breach of a prison rule or regulation or for failure to willingly volunteer for or participate in a prison program. Under the new code, forfeitures are accomplished by order of the director and the board has no responsibility in such matters.

On April 8, 1983, the Department of Corrections, through its director, forfeited 240 days of Valenzuela's release credits earned pursuant to former A.R.S. § 31–252 after he was found to have violated the prison disciplinary rule prohibiting stealing. The director relied on the Rules of Discipline, A.C.R.R. R5–1–601 through R5–1–608, in forfeiting the credits. Appellant challenged the forfeiture by filing a petition under Rule 32, Rules of Criminal Procedure, 17 A.R.S., which alleged that only the parole board, and not the director of DOC, could forfeit earned release credits of an "old code" inmate. The superior court denied the petition. Appellant appealed, we agreed with his contention and held that the 240 days of good time credit had been improperly forfeited. We initially ordered appellant released but denied his motion for release several months later.

The Arizona Supreme Court accepted review and found that appellant had since been released on parole. State v. Valenzuela, supra. The court found that the legal issue presented was of statewide importance affecting all old code prisoners, although it was moot as to appellant. The

court held that the earning and forfeiture of copper time and double time by old code inmates is governed by the old code provisions. However, adjudication with respect to accrual or forfeiture may be made by the director as provided in the new code, assuming due process is followed. The court then approved the court of appeals' order.

Appellant brought this civil action to recover damages for the improper prolongation of his imprisonment on the following theories: violation of due process in the forfeiture of the double time days; violation of the Eighth Amendment; negligence; violation of his civil rights pursuant to 42 U.S.C. § 1983; violation of the plea bargain; false imprisonment; and denial of equal protection. The trial court granted summary judgment in favor of the state on all claims.

Appellant contends that 1) since our supreme court has made "breach of trust" a specific factual predicate for forfeiting an old code inmate's double time, the DOC cannot avoid the requirement of that finding by declaring "breach of trust" to be implicit in all disciplinary rule violations, and 2) a public official may not claim good faith and immunity when he fails to follow the procedure set forth in statutes and regulations but instead invokes a contrary procedure which has the effect of prolonging an inmate's imprisonment.

## FORFEITED EARNED TIME CREDIT

■ Appellant claims that DOC improperly took away his 240 days of earned release credits, arguing that such credits can be forfeited only when an inmate is found guilty of a disciplinary violation arising from a breach of trust related to prison employment. Division One of this court held to the contrary in Berry v. State, 150 Ariz. 593, 724 P.2d 1262 (App.1986). "We conclude that the breach of trust required for a forfeiture pursuant to A.R.S. § 31–252(B) need not be employment related. We hold as a matter of law that stealing constitutes a breach of trust. DOC was therefore correct in declaring Berry's double time release credits to be forfeited."

150 Ariz. at 594, 724 P.2d at 1263. Thus, it is clear that stealing constitutes a breach of trust.

Appellant bases his claim of liability on the decision of the supreme court in *State v. Valenzuela,* supra. Although the meaning of the statement approving the order of the court of appeals is not clear, the opinion itself does not set forth any basis for liability for damages. Although the court agreed that forfeiture of double time release credit accrued by old code inmates was governed by the old code, it did not, as appellant contends, hold that a finding of a breach of trust under former A.R.S. § 31–252(B) must be related to employment. Thus, even though the supreme court chose that case to set forth guidelines and procedures to be followed as to old code inmates, it did not hold that the Department of Corrections violated any constitutional or statutory rights of appellant. Instead, the court specifically stated that the issues as to appellant were moot because he had been released.

### GOOD FAITH IMMUNITY

Appellant also contends that the state's defenses of good faith and immunity do not apply to all his claims, particularly with regard to his Eighth Amendment claim. Since we have determined that there was no wrongful conduct on the part of the state in forfeiting appellant's release credits, appellant has no claim under the Eighth Amendment.

Affirmed.

HATHAWAY, C.J., and HOWARD, P.J., concur.