967 F.2d 583
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Thomas ADAIR, Petitioner-Appellant,
v.
Samuel LEWIS, et al., Respondents-Appellees.
 No. 91-16676.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1992.*
Decided June 30, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Thomas Adair, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging the revocation of his prison good time credits. We review de novo, Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990), and we affirm.
 
 
 3
 Adair contends the Arizona Department of Corrections violated his rights to due process, to equal protection, and to be free from cruel and unusual punishment by revoking his good time credits and keeping him in prison for longer than the maximum time permitted by his sentences.[1] This contention is without merit.
 
 
 4
 Adair was sentenced in 1968 to two concurrent ten- to twenty- year sentences following convictions for robbery in causes No. CR-55493 and No. 53059 ("the 1968 sentences"). At the time of sentencing, Arizona state law permitted Adair to earn "copper time" and "double time" good time credits towards completion of his sentence. A.R.S. § 31-251 (amended 1977 Sess.Laws 1977 Ch. 142, § 182); A.R.S. § 31-252 (repealed, 1977 Sess.Laws 1977 Ch. 142, § 181). Forfeiture of good time credits could only be had upon decision by the Arizona Board of Pardons and Parole. State v. Valenzuela, 695 P.2d 732, 734 (1985) (en banc).
 
 
 5
 In 1977, Arizona replaced the "old" criminal code with a "new" criminal code which, among other changes, substantially revised the standards and procedures for granting and forfeiting good time credits. Id. at 733-35. Under the new code, however, prisoners serving old code sentences still earn good time credits as provided by the old code, and the old code forfeiture standards apply. Id. at 735-36. Nonetheless, the procedure for establishing that an old code prisoner has forfeited his good time credits is now governed by the new code. Id at 736. Thus, rather than the Board of Pardons and Paroles making forfeiture decisions, that task is now delegated to the Department of Corrections. Id.
 
 
 6
 Adair was released on parole several times and violated parole each time. In February 1983, Adair was convicted for armed robbery under the "new" criminal code in cause No. CR 129048, and received a 7-year sentence to run consecutively to the first two "old" code sentences. In 1986, Adair was paroled from the 1968 sentences and began serving the 1983 sentence.
 
 
 7
 While incarcerated on the 1968 sentences, Adair was found guilty of two major prison rules violations, rioting or attempting to riot in 1983 and participating in a group demonstration, disturbance, strike, refusal to work, work stoppage or work slowdown in 1985. After each of these rules violations, Adair was granted a full hearing before a Department of Corrections disciplinary committee which resulted in forfeiture of much of Adair's good time credits.
 
 
 8
 The new code's transfer of decision-making authority from the Board of Pardons and Paroles to the Department of Corrections is the basis for Adair's constitutional claims. Adair claims that any decisions relating to forfeiture of his good time credits could only be made by the Board of Pardons and Paroles, as specified in the old code. Therefore, he argues, because it was the Department of Corrections which presided over his disciplinary proceedings and made the forfeiture decisions, the forfeiture of those credits pursuant to the procedure established in the new code was done illegally and in violation of his constitutional rights.
 
 
 9
 We have previously held that Arizona state law creates a liberty interest in receipt of good time credits. McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir.1986). Revocation of good time credits in which a state has created a liberty interest are immune from constitutional attack where officials provide the inmate (1) advance written notice of the charges, (2) an opportunity to call witnesses, and (3) a written statement by the factfinder of evidence on and reasons for the disciplinary action. Id. (citing Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974)).
 
 
 10
 Here, there is no allegation that Adair did not receive notice of the charges, an opportunity to call witnesses, or a written statement by the factfinder regarding the forfeiture determination. Rather, he argues that the wrong state body adjudicated his claims. Wolff does not establish a constitutional right to have an adjudication as to forfeiture of good time credits overseen and adjudicated by any particular state entity, nor can we see any reason why such a requirement would be necessary so long as the minimum requirements of due process are met by the state procedures employed.
 
 
 11
 Furthermore, to the extent that Adair claims that the forfeiture of his good time credits was not done upon a finding of "breach of trust" as required by the old code, the record clearly demonstrates that the Department of Corrections made such a determination.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Adair also contends the district court erred by denying his motion for entry of default judgment against defendants and by failing to consider the entire record before denying the petition. "The [government's] failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment." Gordon v. Duran, 895 F.2d 610, 612 (9th Cir.1990). Accordingly, the district court did not err by denying Adair's motion for default judgment. See id. Further, contrary to Adair's claim, the record demonstrates that the district court did consider Adair's "Petitioner's Reply to Respondent's Response" prior to ruling on the instant petition