45 F.3d 435
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Benny DIXON, Petitioner-Appellant,
v.
James A. THOMAS; Grant Woods, Attorney General,
Respondents-Appellees.
 No. 94-16145.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Dec. 28, 1994.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Benny Dixon, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition. Dixon contends that the district court erred in denying his petition: (1) without ruling on his motion for summary judgment, and (2) because his sentence was improperly calculated under Arizona law. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993), and affirm.
 
 
 3
 Dixon contends that the district court erred in denying his petition without ruling on his motion for summary judgment. This contention lacks merit because the district court denied Dixon's summary judgment motion on October 16, 1993. Although the district court vacated its October 16, 1993 order on March 8, 1994, the court then vacated the March 8, 1994 order on March 18, 1994. Accordingly, the district court denied Dixon's summary judgment motion on October 16, 1993.[1]
 
 
 4
 Dixon contends that the district court erred in denying his petition because his sentence was improperly calculated under Arizona law. This contention lacks merit.
 
 
 5
 "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 112 S.Ct. 475, 480 (1991) (citations omitted). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, No. 93-16805, slip op. at 14229, 14245 (9th Cir. Nov. 22, 1994). Thus, the defendant must establish that an error of constitutional significance occurred in order to state a cognizable federal habeas claim. McGuire, 112 S.Ct. at 480.
 
 
 6
 Here, the application of Arizona sentencing law was not fundamentally unfair. See id.; Christian, slip op. at 14245. In 1979, the Arizona Superior Court imposed consecutive sentences in Dixon's two separate criminal cases for various narcotics offenses. Although the Arizona Department of Corrections erred in calculating Dixon's release date in the latter case before calculating his release date in the earlier case, it corrected this error in 1989. In addition, the Arizona Department of Corrections did not err in calculating Dixon's time credits under Ariz.Rev.Stat. Secs. 41-1604.06 and 41-1604.07, because Dixon's offenses occurred after these statutes became effective. See State v. Valenzuela, 695 P.2d 732, 734-35 (Ariz.1985) (explaining that Ariz.Rev.Stat. Secs. 41-1604.06 and 41-1604.07 apply to prisoners who commit offenses on or after October 1, 1978). Thus, Dixon has not shown that any error occurred, let alone an error of constitutional significance. See Christian, slip op. at 14245. Accordingly, the district court properly denied Dixon's Sec. 2254 petition. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even if the district court failed to rule on Dixon's summary judgment motion, the district court may dispose of the petition after the answer is filed when an evidentiary hearing is not required. See Rule 8, foll. 28 U.S.C. Sec. 2254. The court's denial of Dixon's habeas petition on the merits constitutes an implicit denial of Dixon's summary judgment motion since the Federal Rules of Civil Procedure apply only to the extent they are consistent with the Rules foll. 28 U.S.C. Sec. 2254. See Rule 11, foll. 28 U.S.C. Sec. 2254