636 P.2d 1220

**STATE of Arizona, Appellee,**

v.

**Eric Emilo CHAVEZ, Appellant.**

**No. 5233.**

Supreme Court of Arizona,
En Banc.

Nov. 12, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Jack Roberts, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James R. Hart, II, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

The appellant, Eric Emilo Chavez, was charged with the crime of forgery, a class 4 felony, by complaint on June 9, 1980. He entered into a waiver of the preliminary hearing with a plea agreement. Appellant agreed to plead guilty to the charge of forgery with the stipulation that "defendant shall serve presumptive sentence of four (4) years to run concurrent [sic] but not necessarily co-terminous [sic] with defendant's New Mexico parole violation, sentenced [sic] to be served in New Mexico." The state also agreed not to file additional forgery counts for certain bad checks written by the appellant between April and June 1980.

Appellant was sentenced to four years with credit for fifty-three days of presentence incarceration. The court recommended that he be permitted to serve the sentence in New Mexico. Appellant appeals on the ground that the terms of his plea agreement have been violated since he is still incarcerated in Arizona. Taking jurisdiction pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e)(5), we reverse and

remand for action consistent with our instructions.

■ The issue, as presented by appellant, is whether the state made promises or inducements in the plea agreement which were subsequently violated, thus rendering appellant's plea of guilty an involuntary act. The current law on guilty pleas states that "[a] guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void." *Machibroda v. United States*, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962). A breach of the plea agreement by the state which renders the plea involuntary can be found "when the spirit of the inducement, reasonably inferred from the written agreement, is breached." *State v. Limpus*, 128 Ariz. 371, 374, 625 P.2d 960, 963 (App.1981); *State v. Davis*, 123 Ariz. 564, 567, 601 P.2d 327, 330 (App.1979).

During the sentencing hearing, counsel for the appellant clarified for the record that it was the anticipation of the parties that Chavez would be returned to the New Mexico prison system to serve any sentence imposed in Arizona. The court voiced no objection to this arrangement, but noted that it lacked authority to sentence Chavez to the Department of Corrections in New Mexico and recommended that the Arizona Department of Corrections comply with appellant's request.

> "The commitment, of course, is to the Arizona Department of Corrections, but it is not the court's intent that the defendant be precluded from serving his sentence in the state of New Mexico. And to the extent that that is possible, the court would recommend that the Arizona Department of Corrections accommodate to that request so that the defendant's term of commitment may be served in the state of New Mexico."

At the time the court made this recommendation, the appellant and the state labored under the misapprehension, as evidenced by the wording of the plea agreement, that appellant had violated the terms of his New Mexico parole and was subject to the imposition of a sentence in that state.

■ The law is well established that the state is bound by a plea agreement which induces a guilty plea. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *State v. Stadie*, 112 Ariz. 196, 540 P.2d 668 (1975), *cert. denied*, 425 U.S. 974, 96 S.Ct. 2174, 48 L.Ed.2d 798 (1976); *State v. Stone*, 111 Ariz. 62, 523 P.2d 493 (1974). The defendant, however, bears the burden of proving a breach of a plea bargain agreement. *State v. Richard*, 109 Ariz. 65, 505 P.2d 236 (1973). The record clearly indicates that appellant pled guilty to the charge of forgery because he had been led to believe he would be permitted to serve his Arizona sentence in the New Mexico prison system.

Any disposition of this case based on an analysis of a breach of the plea agreement, however, would be erroneous because it would rely on a finding of unilateral fault. In actuality, the promise made by the state and the guilty plea entered by the appellant were based upon a misapprehension of an essential fact: the existence, or rather the absence, of a New Mexico parole violation. In the language of contract law, which is employed here only by analogy, the parties suffered from a mutual mistake of a material fact. "Ordinarily a mutual mistake of a material fact or a failure of consideration of an essential part of the contract will justify rescission." *Mortensen v. Berzell Inv. Co.*, 102 Ariz. 348, 350, 429 P.2d 945, 947 (1967).

■ We find the existence of a New Mexico parole violation crucial to this plea agreement and hold that if the parties to a plea bargain were mistaken as to the existence of a material factor which caused them to enter the agreement, and this material factor is discovered *after* sentencing, the defendant can withdraw his guilty plea if such action is necessary to prevent manifest injustice. This holding is consistent

with the rule permitting withdrawal of a guilty plea prior to sentencing when the plea was made under some mistake or misapprehension. *State v. Corvelo*, 91 Ariz. 52, 369 P.2d 903 (1962); *United States v. Davis*, 212 F.2d 264 (7th Cir. 1954); *Bergen v. United States*, 145 F.2d 181 (8th Cir. 1944).

The appellant's request for a new trial is granted. The judgment of conviction premised upon the plea agreement as well as the sentence are vacated, and the matter is remanded for further proceedings consistent with this opinion.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.