717 P.2d 476

**Dale FOX, Plaintiff/Appellee,**

v.

**ARIZONA BOARD OF PARDONS AND PAROLES; State of Arizona; Department of Corrections; James Ricketts, Director; John Sloss, Defendants/Appellants.**

**No. 2 CA–CIV 5604.**

Court of Appeals of Arizona, Division 2, Department B.

March 12, 1986.

Dale Fox, in pro. per.

John H. Ryley, Phoenix, for defendants/appellants.

## OPINION

BIRDSALL, Judge.

On March 20, 1984, the appellee filed a declaratory relief action seeking determination of the length of time he would be required to serve certain sentences and requesting monetary damages for claims based on the Federal Civil Rights Act, the Eighth Amendment, and allegations of false imprisonment and negligence. The appellee filed a motion for partial summary judgment to resolve the non-monetary aspects of the complaint and the appellants filed a cross-motion requesting that the complaint be dismissed with prejudice. The trial court made detailed findings of fact and conclusions of law which were incorporated into a judgment filed December 26, 1984. Only the non-monetary aspects of the appellee's complaint were adjudicated and a final judgment as to those issues was entered pursuant to Rule 54(b), Rules of Civil Procedure, 16 A.R.S. This appeal followed; the appellee has cross-appealed.

**174**

The facts, as found by the trial court, show that in 1978 the appellee was charged with numerous counts of writing checks on insufficient funds. All the crimes were committed prior to October 1, 1978. On January 26, 1979, the appellee was sentenced in two separate cases. The concurrent sentences imposed ranged from three to five years in prison, to commence November 9, 1978. We will refer to them collectively as the five year sentence. In the same proceeding, but on another case, the appellee was sentenced to a prison term of one and one-half years to two and one-half years to be served consecutively to the five year sentence. This latter sentence will be referred to as the two and one-half year sentence.

The Department of Corrections obtained custody of the appellee on February 14, 1979. On July 9, 1980, pursuant to A.R.S. § 31–412(B), the appellee was paroled on the five year sentence and began to serve the consecutive two and one-half year sentence. Pursuant to a regulation of the Department of Corrections, A.C.R.R. R5–4–306(2), the time remaining on the five year sentence on the date of parole was held in abeyance until the appellee's release from custody on the consecutive sentence. When he was paroled, the appellee was given double-time credit for each day from the commencement of the five year sentence, including his time of incarceration prior to entering the Department of Corrections, pursuant to A.R.S. § 31–252.

On December 15, 1980, the appellee failed to return from a trustee furlough and was placed on escape status. At this time he had been credited with five months and six days of double-time on the two and one-half year sentence. The appellee was apprehended on January 24, 1981, and was sentenced to two years for escape. The escape sentence was ordered to run consecutively to the two and one-half year sentence. He was returned to the custody of the Department of Corrections on February 21, 1981.

The good time he had earned on the two and one-half year sentence prior to his escape was forfeited by the Department of Corrections. He completed the two and one-half year sentence and began serving the two-year escape sentence on January 11, 1982. On January 10, 1983, he was released pursuant to A.R.S. § 31–411(F), which allows release from confinement 180 days before sentence expiration for qualified prisoners. On February 28, 1983, approximately six weeks after his release, he committed a felony theft. He was sentenced on August 17, 1983. He was sentenced for theft committed while on parole, a class 3, non-dangerous, non-repetitive offense, pursuant to A.R.S. § 13–604.01. The term was six and one-half years' "flat time," with credit given for 129 days of presentence incarceration.

When the appellee returned to the custody of the Department of Corrections, the Department determined that he was not on parole at the time he was sentenced for the felony theft. Instead, the Department determined that he was in the six month mandatory release portion of the two year sentence, which expired on July 11, 1983. The Department, pursuant to A.R.S. § 13–604.01, gave him no credit on any other sentence during that period.

When the appellee returned to the custody of the Department of Corrections, the Department recomputed double-time credits earned on the five year sentence and did not allow such credits for presentence incarceration. On July 11, 1983, the appellee began to serve the parole "tail" on the five year sentence. On November 4, 1983, that parole was rescinded. According to the Department, the appellee was eligible for double-time credits for the balance of his five year sentence, which he completed on June 25, 1984. On June 25, 1984, he then began to serve the six and one-half year sentence on the felony theft conviction. Credit was given for four months and nine days of presentence incarceration, resulting in a consecutive commencement date for the six and one-half year sentence of February 16, 1984. According to the Department's calculations, the six and one-

half years' flat time would run from that date.

■ The first issue is whether the Board of Pardons and Paroles may, on a parole to a consecutive sentence, hold in abeyance the parole period until the last consecutive sentence has been completed. Subsequent to the decision of the trial court in this case, our supreme court ruled that it cannot. In *Cawley v. Arizona Board of Pardons and Paroles*, 145 Ariz. 380, 701 P.2d 1188 (1985), the court approved the opinion of Division One in the same case, cited at 145 Ariz. 387, 701 P.2d 1195 (App.1984), wherein Division One stated:

"we find that A.R.S. § 31–412(B) does not confer upon the Board of Pardons and Parole the authority to toll the running of parole time when an offender is paroled to the Department of Corrections to serve a consecutive sentence. Accordingly, we hold invalid that part of ACRR [administrative rules of the Board of Pardons and Paroles] R5–4–306(2) which permits tolling. When an offender is paroled to the Department of Corrections or to another jurisdiction to begin serving a consecutive sentence, such parole time must run concurrently with the running of the subsequent sentence." 145 Ariz. at 388, 701 P.2d at 1196.

The appellants concede that the trial court was correct in deciding that the first sentence was completed when the appellee was serving the consecutive two and one-half year sentence.

■ We next determine whether the Department of Corrections had jurisdiction to forfeit the appellee's double-time release credits earned under A.R.S. § 31–252(B), which was in effect at the time, and whether the appellee was on mandatory release on February 28, 1983, when he committed the felony theft which resulted in a flat-time sentence. The trial court ruled that only the Board of Pardons and Paroles had jurisdiction to forfeit the appellee's double-time release credits since they were earned by an "old code" inmate under A.R.S. § 31–252(B). Since the entry of judgment herein, the Arizona Supreme Court, in

*State v. Valenzuela*, 144 Ariz. 43, 695 P.2d 732 (1985), approved this court's order requiring the petitioner's release after finding that the Department of Corrections had failed to correctly compute his release date. In *Valenzuela*, the court ruled that the state was not constitutionally impeded from changing its procedure to allow the director of the Department of Corrections, rather than the Board of Pardons and Paroles, to assume the responsibility of determining whether a forfeiture of good-time credits is warranted. Since we find that the appellee's double-time credits were properly forfeited, the appellee's mandatory release date under A.R.S. § 31–411(E) for the escape conviction (the third sentence) was January 11, 1983, with an absolute discharge date of July 11, 1983 (180 days later). Therefore, the appellee was on mandatory release on February 28, 1983, when he committed the felony theft.

■ The appellee challenges the forfeiture of his good-time credits, claiming the Department of Corrections had to make a specific finding that there was a "breach of trust" under A.R.S. § 31–252(B) before it could forfeit the credits. The appellants argue that since this specific issue has been raised by the appellee for the first time on appeal, this court is not required to consider it. The appellee points out, however, that in his motion for partial summary judgment, he impliedly made that argument when he told the trial court that the credits had been awarded for "employment trust" and under the facts of his case, the forfeiture was improper. The trial court, in its findings and conclusions, did not address this contention; however, the appellee's argument is essentially that his escape from trustee furlough could not be considered a "breach of trust." Even assuming that the appellee is correct that he raised the issue to the trial court, we find his position untenable.

■ The appellee argued to the trial court that he was entitled to early release credits pursuant to A.R.S. § 41–1604.07 on his six and one-half year sentence, even though the sentence was imposed pursuant

to A.R.S. § 13–604.01. The trial court disagreed. A.R.S. § 13–604.01, in pertinent part, states that a prisoner "is not eligible for suspension or commutation of sentence, probation, pardon, parole, work furlough, or release from confinement on any other basis ... until the sentence imposed by the court has been served." As we have stated, the appellee committed felony theft while he was on mandatory release from his third sentence. A.R.S. § 13–604.01(B) requires him to serve six and one-half years in prison before becoming eligible for release on any basis except under A.R.S. §§ 31–233(A) or (B), which are inapplicable. Similar language has been interpreted to mean that an inmate may not earn release credits and may not be released from confinement until the full sentence imposed by the court has been served. See *State v. Deddens*, 112 Ariz. 425, 542 P.2d 1124 (1975); *State v. Gaddy*, 24 Ariz.App. 477, 539 P.2d 951 (1975). In *Arnold v. Moran*, 114 Ariz. 335, 560 P.2d 1242 (1977), the supreme court held that where a sentencing statute clearly prohibits release on any basis prior to completion of a sentence, an inmate is not entitled to earn release credit. Additionally, under A.R.S. § 41–1604.07, the appellee is not entitled to earn release credits since he is ineligible for parole pursuant to A.R.S. § 13–604.01(B). The appellee was properly sentenced under A.R.S. § 13–604.01(B) and must serve six and one-half years' flat time with only the possibility of release 90 days prior to the maximum release date.

■ In conclusion, we find that the Department of Corrections had jurisdiction to forfeit the appellee's release credits and that the appellee was on mandatory release for the third sentence when he committed felony theft, and that he was properly sentenced under A.R.S. § 13–604.01(B). Additionally, the appellee was not entitled to earn release credit under A.R.S. § 41–1604.07 and he must serve six and one-half years in prison "flat time." Finally, in view of the supreme court decision in Cawley, supra, appellee's maximum release date on the fourth sentence should be recalculated to reflect that he began to serve

the sentence on April 18, 1983, with 129 days credit for presentence jail time. The case is remanded for the trial court's further disposition as to the appellee's possible claim for monetary damages.

Affirmed in part; reversed in part.

LIVERMORE, P.J., and LACAGNINA, J., concur.