751 P.2d 997

**The STATE of Arizona, Appellee,**

v.

**Guillermo Mazon GOURDIN, Appellant.**

**No. 2 CA–CR 87–0356.**

Court of Appeals of Arizona,
Division 2, Department A.

Feb. 18, 1988.

Redesignated as Opinion and Publication
Ordered March 15, 1988.

**338**

Robert K. Corbin, Atty. Gen. by Eric J. Olsson, Tucson, for appellee.

Law Offices of Jim D. Himelic, P.C. by Jim D. Himelic, Tucson, for appellant.

## OPINION

PER CURIAM.

Appellant pled guilty to one count of unlawful sale of a narcotic drug, a class 2 felony, and admitted one prior felony conviction in exchange for the state's dismissal of a second charge and its allegations of other prior convictions. On July 29, 1984, appellant was sentenced to the term stipulated in the plea agreement, 10 years in prison. Following proceedings pursuant to Ariz.R.Crim.P. 32, 17 A.R.S., the trial court granted permission for appellant to file a delayed appeal.

■ Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), raising as a possible issue the trial court's failure to inquire of appellant specifically whether any promises or force had been used to induce him to enter into the plea agreement, rendering his plea involuntary. Ariz.R.Crim.P. 17.3 requires the court to address a defendant personally "and determine that he wishes to forego the constitutional rights of which he has been advised, that his plea is voluntary and not the result of force, threats or promises (other than a plea agreement)." We have reviewed the transcript of the change of plea hearing, and it is clear that appellant's plea was not forced. Although the judge did not use the specific language contained in Rule 17.3, he did determine that appellant's participation in the plea agreement was uncoerced. The trial court advised appellant of the rights he waived, and appellant told the court that he had read, signed and understood the plea agreement. Immediately prior to accepting the plea, the court again questioned appellant:

THE COURT: Are you sure you want to go ahead with this?

DEFENDANT GOURDIN: Yes.

THE COURT: Let the record show that the Court accepts Mr. Gourdin's plea of guilty and also his admission to having a prior conviction, finds it is voluntarily and intelligently made, and that there's a factual basis to support the plea.

Based on the record before us, we do not find that the judge's failure to specifically discuss coercion invalidates appellant's guilty plea. *See State v. Wesley*, 131 Ariz. 246, 640 P.2d 177 (1982), where the court held that if an examination of the record shows that a defendant was aware of his rights, a judge's error in not specifically advising him shall be regarded as nonreversible, technical error.

■ In his supplemental brief, appellant contends that trial counsel was ineffective by failing to raise alleged violations of the Interstate Agreement on Detainers, A.R.S. §§ 31–481, 31–482. Appellant's argument has no merit because his guilty plea waived all nonjurisdictional issues and IAD violations do not involve jurisdictional matters.

■ Appellant also contends in his supplemental brief that the court did not offer him a court interpreter and that he did not understand the proceedings. The transcripts of the proceedings do not support appellant's contention that he did not understand. While no interpreter was offered or requested, there is nothing in either the change of plea or sentencing transcript to suggest that appellant did not understand what was occurring. Appellant was addressed by the court and answered all of the court's questions, including an

inquiry whether he had read, signed and understood the plea agreement.

■ Appellant additionally contends that there was an insufficient factual basis to support his guilty plea. That argument has no merit, as the change of plea proceedings and the extended record amply support the court's finding of a factual basis.

■ Finally, in his supplemental brief, appellant contends that appellate counsel also rendered ineffective assistance in that he filed an *Anders* brief but "did not take the time and effort to review the record for errors. He failed to discuss the case with defendant. Additionally due to the defendant not knowing English very well he did not understand what counsel did." Again, we find no merit to appellant's argument. There is nothing to indicate that counsel's performance on appeal fell below reasonable standards or that counsel somehow prejudiced appellant. Appellant has used the opportunity to raise issues on his own by filing a supplemental brief.

■ The state has raised two issues which require that we modify appellant's sentence. First, the state correctly points out that the sentence is technically improper because the trial court ordered that appellant be sentenced to "10 years with the Arizona State Department of Corrections," rather than to a term of imprisonment. Therefore, the sentence order is modified to specify that appellant is sentenced to a term of imprisonment. *See State v. Gutierrez,* 130 Ariz. 148, 634 P.2d 960 (1981).

■ A second, more difficult issue raised by the state concerns the sentence itself. The Arizona offense to which appellant pled guilty triggered a revocation of appellant's parole in a federal matter. Pursuant to that parole revocation, appellant began a term of imprisonment in a federal prison on September 1, 1983. The plea agreement in the instant case required that appellant be sentenced to 10 years "to run concurrent with his federal parole violation, beginning at the time the defendant's federal parole was revoked. ..." In pronouncing sentence on July 3, 1984, the court sentenced

appellant to 10 years and ordered that the sentence commence as of September 1, 1983, and that it run concurrently with time served for the federal parole violation. The state is correct that a trial court cannot give a sentence effect before it is pronounced. *See State v. Pena,* 140 Ariz. 545, 683 P.2d 744 (App.1983), *approved,* 140 Ariz. 544, 683 P.2d 743 (1984). Unfortunately, unlike *Pena,* this is not simply a case of the court erroneously crediting presentence incarceration time to the beginning of the sentence rather than to the end. While 305 days elapsed between September 1, 1983, and the date of sentencing, July 3, 1984, only one day of that time was "time actually spent in custody pursuant to" the Arizona offense. *See* A.R.S. § 13–709(B). Our presentence incarceration credit statute allows credit only for time spent in custody pursuant to the offense for which a defendant is sentenced. Therefore, in this case, the 304 days' incarceration associated with the federal parole revocation could not be credited as time spent in custody pursuant to the Arizona offense. *See State v. Stotts,* 144 Ariz. 72, 695 P.2d 1110 (1985).

■ Under the plea agreement, appellant agreed and expected to receive a 10–year prison sentence of which he would have to serve two-thirds before becoming eligible for any release status. The sentence was, according to the plea agreement, ordered to run concurrently with his incarceration on the federal parole violation, and he expected that the 10–year term would be shortened by those 305 days between the date he began to serve the federal violation and the date of sentencing in the Arizona case. The state has proposed that we modify appellant's sentence under A.R.S. § 13–4037(A), which authorizes us to modify an illegal sentence imposed upon a lawful finding of guilt by the trial court. The state contends that although a misunderstanding occurred, we can modify the sentence to give appellant exactly what he bargained for without prejudice to him and without any necessity for withdrawal of the plea. We agree.

Appellant expected release eligibility after serving two-thirds of a 10–year prison sentence. Consequently, taking into account two leap years, appellant expected to receive a sentence which allows release eligibility after serving 2,434.67 days, which is two-thirds of the 10 years. Then, subtracting the 305 days which the parties erroneously agreed to credit at the time of sentencing, appellant expected to actually serve 2,129.67 days before his first release eligibility date. That figure, 2,129.67, is two-thirds of 3,194.50, or 8.75 years. We therefore modify appellant's sentence, ordering that he be sentenced to 8.75 years in prison commencing on July 3, 1984, and that two-thirds of that sentence be served prior to release eligibility.