87 F.3d 1325
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John TRAHAN, Defendant-Appellant.
 No. 95-35815.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1996.
Decided June 18, 1996.
 
 Before: BROWNING, WRIGHT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Trahan was indicted for being a felon in possession of a firearm pursuant to 28 U.S.C. § 922(g). The underlying crime was a 1990 Alaska state possession felony that was based in turn on a Louisiana felony. To avoid a potential 10-year sentence, Trahan agreed to plead guilty to violating 18 U.S.C. § 924(c), which has a mandatory minimum sentence of five years. He has now served more than three years of that sentence. After sentencing, he discovered that the Louisiana felony had been pardoned in 1985. He was then able to have his Alaska state felony set aside.
 
 
 3
 Trahan moved the district court for relief under 28 U.S.C. § 2255 and specifically asked that his guilty plea and sentence be vacated. He appeals from the court's order denying his motion.
 
 
 4
 Trahan argues that his guilty plea was not made knowingly because he and the government were both misinformed as to a material factor in his criminal record.[1] See Iaea v. Sunn, 800 F.2d 861, 866 (9th Cir.1986) (guilty plea must be voluntary and knowing). He also argues that the plea and sentence were a manifest injustice. See United States v. Rivera-Ramirez, 715 F.2d 453, 456 (9th Cir.1983) (appellant collaterally attacking guilty plea must demonstrate miscarriage of justice), cert. denied, 467 U.S. 1215 (1984). We agree.
 
 
 5
 Both Trahan and the prosecutors acted under the mistaken assumption that Trahan had two prior felonies that would likely lead to a section 922(g) conviction and enhanced sentence.[2] There is no question that his record was an essential negotiating factor for both parties.
 
 
 6
 The Arizona Supreme Court faced a similar problem in Arizona v. Chavez, 636 P.2d 1220, 1221 (Ariz.1981) (en banc). There, the court allowed the defendant to withdraw his guilty plea as unknowing where he and the state incorrectly believed that he committed the underlying crime while still on parole. The court held:
 
 
 7
 We find the existence of a New Mexico parole violation crucial to this plea agreement and hold that if the parties to a plea bargain were mistaken as to the existence of a material factor which caused them to enter the agreement, and this material factor is discovered after sentencing, the defendant can withdraw his guilty plea if such action is necessary to prevent manifest injustice.
 
 
 8
 Id. at 1221 (emphasis in original). See also id. ("In the language of contract law, which is employed only by analogy, the parties suffered from a mutual mistake of a material fact."); Arizona v. Stevens, 744 P.2d 37, 41 (Ariz.Ct.App.1987) (guilty plea unknowing where defendant and state were both mistaken about material factor).
 
 
 9
 We find the reasoning in Chavez persuasive and hold that Trahan's guilty plea was not made knowingly. Based on these unique facts, we also hold that requiring Trahan to serve the rest of his prison sentence would constitute a miscarriage of justice.
 
 
 10
 Despite the non-existence of any felony record, the government argues that we should not allow Trahan to vacate his guilty plea. The government primarily advances two arguments. First, it contends that at the time Trahan pleaded guilty his plea was both voluntary and knowing. We disagree for the reasons discussed above.
 
 
 11
 Second, it argues that any mistake of fact as to the section 922(g) charge is irrelevant because Trahan pleaded guilty to an entirely different crime, section 924(c)(1), that does not depend on his felony record. This argument has some attraction and was adopted by the district court. The ultimate problem with this approach, however, is that there can be no assurance that the case in the district court would have proceeded to the point of a guilty plea in the absence of the coercive effect of the § 922(g) charge. There was never any real basis for the earlier charge and the later guilty plea was tainted by the mutual mistake and misinformation.
 
 
 12
 REVERSED and REMANDED with instructions to vacate the conviction and sentence and to allow the defendant to withdraw his guilty plea.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although Trahan failed to raise this argument below, we choose to review it because it is a purely legal argument that does not depend on development of a factual record. Cf. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 506 U.S. 890 (1992)
 
 
 [2]
 There was no government misconduct. Nor was it necessarily the government's responsibility to discover Trahan's Louisiana pardon