IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,       )      2 CA-CR 2012-0200-PR
                            )      DEPARTMENT A
              Respondent,   )
                            )      O P I N I O N
      v.                    )
                            )
REY DAVID VILLEGAS,         )
                            )
              Petitioner.   )
_____)

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF YAVAPAI COUNTY

Cause No. P1300CR20081137

Honorable Thomas B. Lindberg, Judge

REVIEW GRANTED; RELIEF DENIED

Sheila Sullivan Polk, Yavapai County Attorney
  By Dennis M. McGrane                                          Prescott
                                                  Attorneys for Respondent

Robert J. Campos & Associates, P.L.C.
  By Robert J. Campos                                           Phoenix
                                                   Attorneys for Petitioner

H O W A R D, Chief Judge.

¶1        Petitioner Rey Villegas seeks review of the trial court's ruling on his of-right petition for post-conviction relief, filed pursuant to Rule 32, Ariz. R. Crim. P. We grant review and, for the following reasons, we deny relief.

¶2 Pursuant to a plea agreement, Villegas was convicted of two counts of participating in or assisting in a criminal syndicate using a minor, related to a car theft scheme. The trial court sentenced him to aggravated, consecutive, 12.5-year prison terms. In his petition for post-conviction relief, Villegas sought to withdraw from his plea agreement on the ground he had been informed he would be eligible for earned release credits, pursuant to A.R.S. § 41-1604.07, when, in fact, the statute governing his offenses mandated that his sentences be served in full, *see* A.R.S. § 13-2308(A), (E). Villegas argued his counsel had been ineffective and the court had erred in failing to advise him of the special sentencing provision in § 13-2308(E) and in advising him he would be eligible for earned release credits. He maintained that, as a result, his guilty plea had not been "voluntary or intelligently entered."

¶3 After an evidentiary hearing, the trial court found Villegas "did enter the Plea Agreement knowingly, intelligently and voluntarily," but "no party, . . . or indeed the Court[,] recognized that the sentence would be flat-time if the syndicate involvement concerned a minor." *See* § 13-2308(A), (E). The court concluded "appropriate relief under Rule 32" was warranted, but denied Villegas's request to withdraw from the plea agreement, finding that "fully vacating the Plea Agreement would present an unfair benefit" to Villegas because co-defendant witnesses were no longer available to testify at trial. Instead, the court directed Villegas be resentenced to terms of "not more than ten (10) years on each count," eighty percent of the maximum term imposed pursuant to his original plea agreement. The court reasoned this remedy would ensure Villegas "receives

the benefit of his plea bargain as he understood it"; although the sentences would be served in full, as mandated by § 13-2308(E), the prison terms would be consistent with Villegas's understanding of the terms he might have served had earned-release credits been available and fully awarded. *See* § 41-1604.07(A) (prisoner in eligible earned release credit class "shall be allowed an earned release credit of one day for every six days served"). The court then resentenced Villegas to aggravated, consecutive prison terms of six years on one count and seven years on the other. This petition for review followed.

## Discussion

¶4      On review, Villegas argues the trial court abused its discretion in finding he had entered his guilty plea voluntarily and intelligently and in fashioning relief that required "post-sentencing modifications" to his plea agreement. He maintains he is entitled to withdraw his guilty plea and reinstate his plea of not guilty to the original charges filed against him. "Under Arizona law, a motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court and in the absence of a clear abuse of that discretion, its ruling will not be disturbed on appeal." *State v. Ellison*, 111 Ariz. 167, 168, 526 P.2d 706, 707 (1974); *see also* Ariz. R. Crim. P. 17.5 ("The court, in its discretion, may allow withdrawal of a plea of guilty or no contest when necessary to correct a manifest injustice."). We find no such abuse of discretion here.

3

**Rule 17.2**

¶5        Pursuant to Rule 17.2(b) before a trial court accepts a guilty plea, it must inform the defendant of "[t]he nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole, or commutation imposed by statute" and must determine the defendant understands those provisions. When the court complies with these mandates, "we can say that under constitutional standards the plea has been intelligently made." *State v. Ellis*, 117 Ariz. 329, 333, 572 P.2d 791, 795 (1977). But a court's failure to advise a defendant correctly does not necessarily render his plea unintelligent or involuntary, and "[v]iolations of the rule do not necessarily require the plea to be vacated." *Id*. Thus, "'if the defendant was not prejudiced by his lack of understanding of the complete provisions of the sentencing statute, the error is not reversible error.'" *Id.*, *quoting State v. Cuthbertson*, 117 Ariz. 62, 64, 570 P.2d 1075, 1077 (1977).

¶6        Citing *State v. Rodriguez*, 126 Ariz. 104, 105-06, 612 P.2d 1067, 1068-69 (App. 1980), and *State v. James*, 126 Ariz. 353, 353-54, 615 P.2d 650, 650-51 (App. 1980), Villegas argues the trial court was required to set aside his plea because the court's failure to inform him of the "special sentencing provision" of § 13-2308(E) violated Rule 17.2(b) and rendered his plea involuntary. But our supreme court has since clarified that "[a] plea will be found involuntary only where a defendant lacks information of 'true importance in the decision-making process.'" *State v. Pac*, 165 Ariz. 294, 295-96, 798 P.2d 1303, 1304-05 (1990) (court's failure to inform defendant of ineligibility for earned

4

release credits did not render plea involuntary where defendant informed of earliest parole eligibility date), *quoting State v. Crowder*, 155 Ariz. 477, 481-82, 747 P.2d 1176, 1180-81 (1987) (court's failure to advise defendant of restitution amount might not warrant rescission of plea). And, construing federal rules of procedure, the United States Supreme Court has stated that, when a pleading defendant fails to object in a timely fashion to an insufficient colloquy, a defendant seeking to rescind his plea agreement "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 76, 83 (2004); *cf. State v. Morales*, 215 Ariz. 59, ¶¶ 10-11, 157 P.3d 479, 481-82 (2007) (adopting similar standard when no timely objection made to colloquy prior to defendant's admission of prior conviction under Rule 17.6).

¶7        Here, Rule 32 counsel argued at the evidentiary hearing, as he does on review, that early release credits generally are a "major selling point" during plea negotiations. But Villegas did not testify at that hearing, and no evidence was presented in support of his assertion on review that "[t]he prospect of earning early release credits induced [him] to enter the plea agreement." To prevail on his claim that his plea was involuntary, Villegas was required to establish not only that he lacked knowledge of his ineligibility for earned release credits when he entered his plea, but that "his lack of knowledge was relevant and material to the making of the plea agreement." *State v. Jenkins*, 193 Ariz. 115, ¶¶ 19-20, 970 P.2d 947, 953 (App. 1998) (remand for evidentiary hearing on whether failure to inform defendant of community supervision rendered plea

involuntary); *see also State v. Rosario*, 195 Ariz. 264, ¶¶ 24-25, 28, 987 P.2d 226, 230 (App. 1999) (evidentiary hearing required on whether decision to plead guilty based on misinformation of release eligibility found in plea agreement and court's colloquy); Ariz. R. Crim. P. 32.8(c) (at evidentiary hearing, "defendant shall have the burden of proving the allegations of fact by a preponderance of the evidence").

¶8    We cannot say the trial court abused its discretion in finding Villegas's plea had been voluntary, notwithstanding misinformation about his eligibility for early release found in his plea agreement and repeated at his change-of-plea hearing. Villegas had been informed he could be sentenced to maximum, enhanced, aggravated, consecutive terms of imprisonment totaling 69.75 years were he convicted after trial of all nine offenses originally charged, involving three separate incidents; aggravating circumstances were found by a jury; and the state proved its allegation of one historical prior felony conviction. When asked at his change-of-plea hearing whether he wished to enter the plea agreement, he responded, "Yes. I don't have a choice, since I don't want to go to trial." He then confirmed that he was entering the agreement voluntarily, "of [his] own free will." Under these circumstances, and absent any contrary evidence at the Rule 32 hearing, the court reasonably could have found Villegas's plea was voluntary. *See Crowder*, 155 Ariz. at 481-82, 747 P.2d at 1180-81 (restitution amount likely irrelevant to plea decision given "possible fate that awaited defendant, and the advantageous plea offered"; where defendant would not have refused any reasonable plea bargain, lack of knowledge "seems quite inconsequential"); *State v. Sasak*, 178 Ariz. 182, 186, 871 P.2d

729, 733 (App. 1993) (review of trial court's factual findings after Rule 32 evidentiary hearing limited to "determination of whether those findings are clearly erroneous").

**Remedy for Mistake of Fact**

**¶9** Relying on *State v. Chavez*, 130 Ariz. 438, 636 P.2d 1220 (1981), and *State v. Stevens*, 154 Ariz. 510, 744 P.2d 37 (App. 1987), Villegas contends his plea agreement's representation that he would be eligible for early release credits constitutes a "mutual mistake of material fact" entitling him to rescission. He maintains the trial court abused its discretion in ordering, instead, that he be resentenced in a manner meeting his expectations under the plea agreement. He also contends that, in fashioning an appropriate remedy, the court abused its discretion by considering whether the state, whose witnesses were no longer available for trial, would be prejudiced if the court were to permit Villegas to withdraw from the plea agreement.

**¶10** In *Chavez*, both the defendant and the state had "labored under the misapprehension" that Chavez had been on parole in New Mexico and "would be returned to the New Mexico prison system to serve any sentence imposed in Arizona." 130 Ariz. at 439, 636 P.2d at 1221. Citing "[t]he current law on guilty pleas," our supreme court stated, "A breach of the plea agreement by the state which renders the plea involuntary can be found 'when the spirit of the inducement, reasonably inferred from the written agreement, is breached.'" *Id.*, *quoting State v. Limpus*, 128 Ariz. 371, 374, 625 P.2d 960, 963 (App. 1981); *see also Santobello v. New York*, 404 U.S. 257, 262 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the

7

prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."). Employing principles of contract law "only by analogy," the court suggested Chavez's case did not involve a unilateral breach by the state, but "a mutual mistake of a material fact." *Chavez*, 130 Ariz. at 439, 636 P.2d at 1221. The court found "the existence of a New Mexico parole violation" and the prospect Chavez would be able to serve his sentences there had been "crucial" to his plea agreement and held, "[I]f the parties to a plea bargain were mistaken as to the existence of a material factor which caused them to enter the agreement, and this material factor is discovered after sentencing, the defendant can withdraw his guilty plea if such action is necessary to prevent manifest injustice." *Id.*

¶11 In *Stevens*, this court concluded the trial court did not abuse its discretion by permitting a defendant to withdraw a guilty plea entered under the erroneous belief—held by both the parties and the court—that his offenses had been committed while on parole when, in fact, his parole had terminated. 154 Ariz. at 512, 515, 744 P.2d at 39, 42. As a result, his "calculation of the acceptability of the plea bargain offered by the state" was skewed by the belief that, if convicted after trial, he would be subject to a mandatory, enhanced prison sentence of twenty-five years to life. *Id.* The court concluded, "To preclude the defendant from withdrawing his plea and reevaluating his position on the basis of a knowing and intelligent assessment of his sentencing exposure would be manifest injustice." *Id.* at 515, 744 P.2d at 42.

8

**¶12** But in *Chavez* and *Stevens*, the courts made clear that permitting each of those defendants to withdraw from their plea agreements was "necessary to correct a manifest injustice." Ariz. R. Crim. P. 17.5; *Chavez*, 130 Ariz. at 439, 636 P.2d at 1221; *Stevens*, 154 Ariz. at 515, 744 P.2d at 42. No other remedy appears to have been possible in those cases. No Arizona court could have directed that Chavez serve his sentence in New Mexico. Similarly, the error in *Stevens* did not involve a breach of the agreement, and the defendant's inability to make an informed assessment of his exposure after trial could not have been remedied by specific performance of the agreement's terms.

**¶13** Villegas maintains "the bargain was flawed from its inception and cannot be sanitized by the trial court's modification." But in *Puckett v. United States*, 556 U.S. 129, 137 (2009), the Supreme Court clarified that the government's breach of a plea agreement does not "retroactively cause[] the defendant's agreement to have been unknowing or involuntary" and, although a defendant may be entitled to a remedy when the state's obligations are not met, "rescission is not the only possible remedy." Here, the court appears to have determined rescission was not required to correct a manifest injustice and fashioned a different remedy to afford Villegas the benefit of his bargain. We cannot say the court abused its discretion in doing so.

**¶14** Indeed, this court took a similar approach in *State v. Gourdin*, 156 Ariz. 337, 339, 751 P.2d 997, 999 (App. 1988). There, the defendant and state had entered a plea agreement providing for a stipulated, ten-year prison term to be served concurrently with Gourdin's prison term for a federal parole violation. *Gourdin*, 156 Ariz. at 339, 751

9

P.2d at 999. The parties also had agreed, and the trial court ordered, that Gourdin would be credited with 305 days of incarceration already served on the federal parole revocation. *Id.* We concluded this credit for time served for a federal offense violated Arizona law, but we agreed with the state that, "although a misunderstanding occurred, we can modify the sentence to give appellant exactly what he bargained for without prejudice to him and without any necessity for withdrawal of the plea." *Id.* We then modified the sentence to an 8.75-year term to reach that result.[1] *Id.* at 339-40, 751 P.2d at 999-1000; *see also Pickens v. Howes*, 549 F.3d 377, 382 (6th Cir. 2008) (holding it "unnecessary to permit a person to withdraw an illegal plea or require the state to retry a case when the defendant's sentence has been modified to make the sentence legal and to give the defendant every benefit of his bargain"); *cf. Coy v. Fields*, 200 Ariz. 442, ¶ 9, 27 P.3d 799, 802 (App. 2001) (recognizing situations in which "contract law may not provide a sufficient analogy" to plea agreements and "rescission is inappropriate").

¶15            Moreover, we disagree with Villegas that a trial court may not consider prejudice to the state when determining whether a defendant's withdrawal from a plea

---

[1]Although we relied on our authority under A.R.S. § 13-4037(A) to modify the sentence in *Gourdin*, 156 Ariz. at 339, 751 P.2d at 999, a trial court also "has the power to fashion a suitable remedy" in a Rule 32 proceeding, *State v. Donald*, 198 Ariz. 406, ¶ 30, 10 P.3d 1193, 1202 (App. 2000). We note the remedy fashioned here, limiting the maximum prison terms, provided Villegas with more than he had bargained for, by reducing his potential sentence to provide for his certain release after serving no more than ten years, or eighty percent of the sentence previously imposed. *See* § 41-1604.07(A) (possibility of earned release credits of one day for every six days served; potential for earned release after serving 85.71 percent of sentence imposed). In addition, although the court previously had imposed the maximum sentences available, the court imposed less than ten-year terms at resentencing.

agreement is "necessary to correct a manifest injustice" under Rule 17.5. *See Duran v. Superior Court*, 162 Ariz. 206, 208, 782 P.2d 324, 326 (App. 1989) (court may consider whether demonstrable "prejudice [to the state] justifies denying [a] motion to withdraw the plea"). The court's reasoned considerations here were not an abuse of discretion.

**Disposition**

¶16    Villegas has failed to establish that the trial court abused its discretion in ruling on his petition for post-conviction relief. Accordingly, we grant review, but deny relief.

/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge

CONCURRING:

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Presiding Judge

/s/ *J. William Brammer, Jr.*
J. WILLIAM BRAMMER, JR., Judge