624 P.2d 1292

The STATE of Arizona, Appellee,

v.

Jamie Ledezma MENA, Appellant.

No. 2 CA–CR 1965.

Court of Appeals of Arizona, Division 2.

May 27, 1980.

Rehearing Denied June 19, 1980.

Review Granted July 15, 1980.

Roy A. Mendoza, Pinal County Atty., by William J. Pearlman, Deputy County Atty., Florence, for appellee.

Jeffrey Blackman, Oracle, for appellant.

## OPINION

HOWARD, Judge.

Appellant, found guilty by a jury of aggravated assault, escape, and disorderly

conduct, was sentenced to a five-year term in the Arizona State Prison on the assault charge and a concurrent one and one-half year term for escape. He was sentenced to time served on the disorderly conduct.

He contends (1) the trial court erred in allowing the victim to testify without proper foundation regarding the effect of his pretrial hypnosis; (2) there was insufficient evidence to convict him of escape and (3) the conviction should be reversed for incompetency of counsel. We affirm.

The record shows that the victim was stabbed when he was attacked by appellant and two others outside a bar in Casa Grande. The police were called to the scene and after commencing a conversation with the owner of the bar, they arrested appellant and locked him in a patrol car. Appellant freed himself from the car, fled and was apprehended shortly thereafter. Prior to the trial the victim was interviewed after being hypnotized.

Appellant was tried with his two companions. After the state and one of the defendants made an opening statement, appellant joined in a motion with the other defendants to prevent the victim from testifying until such time it was shown that his testimony was not the result of the hypnosis. From a transcript of the interview with the hypnotist it was pointed out to the trial court that the victim's description of the incident to the hypnotist was more detailed than the statement which the victim gave to the police. When the prosecutor informed the trial court that the defendants knew about the hypnosis for some time the trial court denied the motion on the ground that it was untimely.

■ Testimony developed as a result of hypnosis is inadmissible. *State v. La Mountain*, 125 Ariz. 547, 611 P.2d 551 (1980). Rule 16.1(b), Arizona Rules of Criminal Procedure, 17 A.R.S., states that all motions, except those raising lack of jurisdiction, shall be made no later than 20 days prior to the date set for trial. That was not done here. The rule governs all motions which can be made and determined before trial. The defendants' motion was in the nature of a motion in limine and should have been made within the time period stated in the rule.

■ But our inquiry is not ended. We must determine whether the admission of the victim's testimony constituted fundamental error. Although not mentioned in *La Mountain*, there is respectable authority for the proposition that hypnotically adduced evidence is admissible, the fact of hypnosis affecting its credibility but not its admissibility. *United States v. Awkard*, 597 F.2d 667 (9th Cir. 1979); *United States v. Adams*, 581 F.2d 193 (9th Cir. 1978); *Kline v. Ford Motor Company, Inc.*, 523 F.2d 1067 (9th Cir. 1975); *Harding v. State*, 5 Md.App. 230, 246 A.2d 302 (1968), cert. den. 395 U.S. 949, 89 S.Ct. 2030, 23 L.Ed.2d 468 (1969). This authority militates against a holding of fundamental error. Moreover, hypnotically adduced evidence cannot be equated with, for example, the results of a lie detector examination since one can cross-examine the witness but cannot cross-examine the lie detector. We do not believe admission of hypnotically adduced testimony constitutes fundamental error. This is especially true in this case since it is obvious from the record that the victim remembered some of the events without the aid of hypnosis because he gave a statement to the police. No attempt was ever made by any of the defense attorneys to distinguish between testimony adduced by hypnosis and testimony recalled without the aid of hypnosis. The trial court did not err in its ruling.

■ A.R.S.Sec. 13–2502 states as follows:
"A. A person commits escape in the third-degree if, having been arrested for, charged with or found guilty of a misdemeanor or petty offense, such person knowingly escapes from custody."

It is appellant's position that before he could be arrested for disorderly conduct, a misdemeanor, he had to have been told that he was being arrested for the same. We do not agree. Appellant was talking loudly, cursing and disrupting the investigation to such an extent that the officers were un-

able to interview the witnesses. When appellant was warned and refused to be quiet, one of the officers told the other to arrest appellant and put him in the police car. He was taken and locked in the police car. He was later charged with disorderly conduct. When he was placed in the patrol car he had been arrested for disorderly conduct and it was not necessary for the law enforcement officers to inform him of the reason for the arrest in order to find him guilty of escape under the statute.

■ Appellant's last contention is that his trial counsel was ineffective. For him to have been denied effective assistance of counsel, his attorney had to have been so incompetent as to have made the trial a farce or mockery of justice. *State v. Brookshire*, 107 Ariz. 21, 480 P.2d 985 (1971). Looking at the record as a whole, we cannot say the trial was a farce.

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.