NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

ISAAC KARABA, *Appellant.*

No. 1 CA-CR 25-0218
FILED 03-19-2026

---

Appeal from the Superior Court in Maricopa County
No. CR2024-113273-001
The Honorable Michael S. Mandell, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael J. Woodburn
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Colin F. Stearns
*Counsel for Appellant*

―――――――――――――――――

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Daniel J. Kiley and Judge D. Steven Williams joined.

―――――――――――――――――

**B A I L E Y**, Judge:

¶1　　　　Isaac Karaba appeals his conviction and sentence for escape in the second degree. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2　　　　We view the facts in the light most favorable to sustaining Karaba's conviction. *See State v. Thompson*, 252 Ariz. 279, 287 n.3 (2022).

¶3　　　　On March 19, 2024, Karaba, a native Swahili speaker, arrived in Phoenix from Kenya and went to his cousin's apartment. A few hours later, the cousin's roommate called 911 and alleged that Karaba had attacked him with a kitchen knife. When police arrived, Karaba remained inside the apartment for several minutes despite officers' repeated commands to exit. When Karaba finally emerged, he was holding two kitchen knives. The officers ordered Karaba to drop the knives and tased him when he did not.

¶4　　　　Karaba was arrested for felony aggravated assault and taken to a hospital for a post-taser examination. There, an officer questioned him and Karaba responded in English. The officer then placed Karaba, who was handcuffed and barefoot, in the back of a patrol car to take him to jail. On the drive, Karaba began shouting in a foreign language and kicking the seats. When Karaba refused to stop kicking, the officers in the car requested other officers prepare a "wrap" restraint and returned with Karaba to the hospital parking lot.

¶5　　　　Once there, an officer cracked open the rear passenger door to tell Karaba to stop kicking. At this point the restraint was not ready and the officer did not intend to remove Karaba from the vehicle. Karaba immediately slid across the rear seat from the driver's side, stuck his legs out of the car, and attempted to push open the door against the officer's efforts to keep it shut. Karaba "had at that point gotten his body outside of the door, and it actually pushed [the officer] back from the door." Karaba placed both feet on the ground and stuck his head outside the car while

speaking rapidly in a foreign language. Officers then secured Karaba, removed him from the car, and positioned him to apply the restraint.

¶6            The State charged Karaba with aggravated assault and escape in the second degree. At trial, Karaba testified in his own defense with the aid of a Swahili interpreter. The jury found Karaba guilty on the escape charge only and the court sentenced him to one year of supervised probation.

¶7            Karaba timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 13-4031 and 13-4033(A)(1).

## DISCUSSION

¶8            Karaba contends insufficient evidence supported his conviction for escape in the second degree. A conviction must be supported by sufficient evidence to allow a rational trier of fact to find guilt beyond a reasonable doubt. *State v. Reinhardt*, 190 Ariz. 579, 588 (1997). "We examine the evidence in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *Id.* at 588-89. We reverse "only where there is a complete absence of probative facts to support the conviction." *State v. Allen*, 253 Ariz. 306, 341, ¶ 109 (2022) (citation omitted).

¶9            Escape in the second degree requires proof that the defendant (1) was arrested for a felony and (2) knowingly escaped or attempted to escape from custody. A.R.S. § 13-2503(A)(2). The defendant need not know the nature of the arrest or its felony classification to be found guilty of escape. *State v. Walker*, 181 Ariz. 475, 480 (App. 1995). Nor is conviction of the underlying offense required to sustain a charge of escape; custody for the underlying offense is sufficient. *State v. Stevens*, 154 Ariz. 510, 513 (App. 1987).

¶10          Karaba was arrested for felony aggravated assault, satisfying the first element of escape. A.R.S. §§ 13-1204(A)(2), (F). He was also placed in custody. "Custody means the imposition of actual constructive restraint pursuant to an on-site arrest." A.R.S. § 13-2501(4) (internal quotations omitted). Karaba was clearly in custody while he was handcuffed and in the back of a patrol car. *See, e.g., State v. Mena*, 128 Ariz. 244, 247 (App. 1980), *vacated in part on other grounds*, 128 Ariz. 226, 232-33 (1981) (affirming the defendant's escape conviction where he freed himself from a locked patrol car).

**¶11** Karaba argues, however, that there is insufficient evidence that he escaped or attempted to escape from custody. Karaba is correct that he did not successfully escape from custody. He was at least partially inside the patrol car during the parking lot altercation until the officers removed and restrained him. As Karaba never left the officers' custody, he did not escape.

**¶12** However, the evidence is sufficient to prove Karaba attempted to escape from custody. In the context of the statute, "attempt" takes on its plain and ordinary meaning of to try or to endeavor. *State v. Cid*, 181 Ariz. 496, 499 (App. 1995). Karaba yelled and kicked from the backseat of the patrol car until the officers parked the car to restrain him. He then darted across the backseat as soon as the door opened, got his head and feet outside the patrol car, and pushed against the officer's efforts to keep the door closed and hold him inside the car. Based on this evidence, a rational trier of fact could conclude that Karaba was trying to free himself from the officers' custody. *Cf. State v. Bear*, No. 1 CA-CR 08-0615, 2009 WL 2031901, at *3, ¶ 17 (Ariz. App. July 14, 2009) (mem. decision) (holding there was sufficient evidence to convict appellant of escape where she removed a handcuff and reached for the car door to exit a patrol car, without successfully exiting the car).

**¶13** Finally, Karaba argues that even if he partially exited the patrol car, he did not knowingly try to escape. He argues that on the day of his arrest he was confused by his interactions with the police, had trouble communicating with them because of the language barrier, and therefore could not have formed the requisite intent to escape. A defendant acts knowingly when, "with respect to conduct or to a circumstance described by a statute defining an offense," the defendant "is aware or believes that the person's conduct is of that nature or that the circumstance exists." A.R.S. § 13-105(10)(b). Despite Karaba's confusion, a reasonable jury could have concluded Karaba knew he was in custody in the police car, officers meant to keep him inside the car, and that he was not permitted to leave the car.

**¶14** The evidence establishes that Karaba was arrested for a felony and was placed into custody. A rational trier of fact could also conclude that Karaba was attempting to exit the car and free himself from custody and that he acted knowingly when he did so. The evidence suffices to support Karaba's conviction for escape in the second degree.

**CONCLUSION**

¶15     We affirm Karaba's conviction and sentence.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:            TM